CLD-293                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1860
_____

IN RE: JAMES L. ROUDABUSH, JR.,
                                                          Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. Nos. 1:15-cv-07887 & 1:16-cv-00251)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 16, 2016
Before: FISHER, JORDAN, and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 29, 2016)
_____

OPINION[*]
_____

PER CURIAM

    James L. Roudabush, Jr., sought to file two lawsuits in forma pauperis in the

United States District Court for the District of New Jersey. The District Court denied

him leave to do so on the grounds that he has "three strikes" under 28 U.S.C. § 1915(g)

and did not show that he was in imminent danger of serious physical injury. Roudabush

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

has appealed from the orders. He also submits a petition for a writ of mandamus to challenge the District Court's orders in those cases.

We must deny his petition because mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. In re School Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992). Roudabush cannot claim that he has no other means to get relief where his appeals provide an adequate alternative to mandamus. See In re Briscoe, 448 F.3d 201, 212-13 (3d Cir. 2006).